# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED FIRE AND CASUALTY COMPANY,
an Iowa corporation,

    Plaintiff,

v.                                      CIVIL ACTION NO. 1:17-cv-1108

CASKEY DRYWALL NM LLC; a Texas limited
liability company; CENTEX CONSTRUCTION OF
NEW MEXICO, LLC, a Delaware limited liability company;
CENTEX HOMES, a Nevada general partnership;
CENTEX REAL ESTATE CORPORATION, a Nevada
corporation; PULTE DEVELOPMENT NEW MEXICO,
INC, a Michigan corporation; THE PRESIDIO CONDOMINIUM
ASSOCIATION, INC., a New Mexico nonprofit corporation; and
THE PRESIDIO HOMEOWNER ASSOCIATION, INC., a New
Mexico nonprofit corporation,

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

The Plaintiff United Fire and Casualty Company ("United Fire"), by and through its attorney M. Eliza Stewart (Madison, Mroz, Steinman & Dekleva, P.A.), for its complaint against the Defendants, states as alleges as follows:

## SYNOPSIS AND SUMMARY OF THE COMPLAINT

In this action, United Fire, a liability insurer, seeks a declaratory judgment determining that United Fire has no duty to defend or indemnify Defendants Caskey Drywall NM LLC ("Caskey Drywall") and/or the following entities who claim status as additional insureds under an insurance policy issued by United Fire to Caskey Drywall: Centex Construction of New Mexico LLC; Centex Homes; Centex Real Estate Corporation; and Pulte Development New Mexico, Inc. (hereinafter sometimes referenced individually or collectively as "Centex"). The declaratory judgment is sought with regard to claims brought against Caskey Drywall by Centex, and/or claims

brought against Centex by The Presidio Condominium Association and/or The Presidio Homeowner Association (hereinafter sometimes referenced individually or collectively as "Presidio"), in an ongoing liability case presently pending in New Mexico State District Court styled *The Presidio Condominium Association v. Centex Homes, et al.*, Case No. D-202-CV-2015-06182, Second Judicial District Court, Bernalillo County, New Mexico (the "Underlying Action" hereinafter).  A copy of the First Amended Complaint in the Underlying Action is Exhibit A hereto; a copy of Centex's First Amended Third-Party Complaint against contractors including Caskey Drywall, and others, in the Underlying Action is Exhibit B.  United Fire is currently defending Caskey Drywall on the third-party claims by Centex, and is contributing to the defense of Centex on the claims by Presidio allegedly arising from the work of Caskey Drywall.

The allegations of the Complaint and First Amended Complaint against Centex are for various defects in the construction of the condominium project and "damage to property resulting therefrom".  The Complaint and First Amended Complaint identify alleged defects in construction concerning drywall systems on the project.  Centex filed an answer to the Complaint and First Amended Complaint denying the allegations, and also filed a Third-Party Complaint and First Amended Third-Party Complaint against Caskey Drywall and other subcontractors, seeking defense and indemnification related to the specific work of each subcontractor.  United Fire is defending Caskey Drywall, and contributing to the defense of Centex, in the Underlying Action, both subject to reservation of rights under the applicable policy.  Although the complaint and third-party complaint allege, in general terms, "resulting damage" to other property caused by deficient construction, the specific construction deficiencies alleged against Caskey Drywall do not depict any damage to other property, nor is United Fire aware of any damage to other property caused by the work of Caskey Drywall.

For these reasons, United Fire seeks a declaratory judgment that it has no duty to defend or indemnify Caskey Drywall or Centex with regard to the Underlying Action, and ancillary relief declaring that Caskey Drywall and/or Centex shall be responsible for past and future defense costs and indemnification and shall reimburse United Fire for defense fees and costs incurred in defense and/or settlement for Caskey Drywall and Centex in the Underlying Action.

**PRELIMINARY ALLEGATIONS, JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Complaint based upon 28 U.S.C. § 1332(a)(1) and (c)(1). The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because the contractual duties of defense and indemnification at issue arose in the State of New Mexico with regard to the Underlying Action which is pending in New Mexico concerning a condominium development located in New Mexico.

3. Plaintiff United Fire is an Iowa corporation duly authorized to transact the business of insurance in New Mexico, with its principal place of business located in the State of Iowa.

4. United Fire issued a policy of commercial general liability insurance numbered 60362073 to Caskey Drywall with a policy term of June 15, 2007 to June 15, 2009 (hereinafter the "Policy"). The Policy provided, *inter alia*, commercial general liability insurance coverage in accordance with its terms.

5. Caskey Drywall NM, LLC is a Texas limited liability company, whose member or members, upon information and belief, are citizens of the State of Texas.

6. Centex Construction of New Mexico, LLC is a Delaware limited liability company,

whose member or members, upon information and belief, are citizen of a state or states other than Iowa.

7. Centex Homes is a Nevada general partnership with its principal place of business in the State of Michigan.

8. Centex Real Estate Corporation is a Nevada corporation with its principal place of business in the State of Georgia.

9. Pulte Development New Mexico, Inc. is a Michigan corporation, with its principal place of business located in the State of Georgia.

10. The Presidio Condominium Association, Inc. is a New Mexico nonprofit corporation with its principal place of business located in New Mexico.

11. The Presidio Homeowners Association, Inc. is a New Mexico nonprofit corporation with its principal place of business located in New Mexico.

12. In the Underlying Action, Presidio has brought suit against Centex alleging defective construction of a condominium project known as The Presidio (the "Presidio Project"). The complaint in the Underlying Action was filed on or about October 5, 2016; the First Amended Complaint was filed on or about February 7, 2017.

13. Centex has denied the allegations of Presidio in the Underlying Action. Centex filed its Third-Party Complaint, seeking defense and indemnification, against Caskey Drywall and other subcontractors who worked on the Presidio Project on or about December 5, 2016. The First Amended Third-Party Complaint was filed on or about September 18, 2017.

14. The Policy contains the following cited terms and provisions:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However we will have no duty to defend the insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply. . . .

b.  This insurance applies to . . . "property damage" only if:

  (1)  The . . . "property damage" is caused by an "occurrence" . . . [and]

  (2)  The . . . "property damage" occurs during the policy period; . . . .

An "occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

"Property damage" is defined as:

a.  Physical injury to tangible property, including all resulting loss of use of that property. . . .

b.  Loss of use of tangible property that is not physically injured. . . .

\*          \*          \*

9.  The Policy also contains the following exclusions to coverage:

b.  Contractual Liability

  "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of assumption of liability in contract or agreement. This exclusion does not apply to liability for damages:

  (1)  That the insured would have in the absence of the contract or agreement; or

  (2)  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

15.  The Policy definition of an "insured contract," in relevant part, is:

f.  That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third personal or organization.

5

> Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. . . .

*       *       *

16. Exclusions j(5) and j(6) state as follows:

[This insurance does not apply to:]

> . . . .
>
> j. Damage to Property
>
> "Property damage" to:
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Exclusion j(6) does not apply to property damage included in the "products-completed operations hazard."

17. Exclusion k provides that the insurance does not apply to "Property damage" to "your product" arising out of it or any part of it.

18. Exclusion l states as follows:

l. Damage to Your Work

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

19. Exclusion m provides that the insurance does not apply to:

 m. Damage to Impaired Property or Property Not Physically Injured

 "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

 (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
 (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

 This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT – NO COVERAGE

20. Plaintiff United Fire re-asserts and incorporates herein by reference the averments of paragraphs 1 through 19 above as if set forth in full.

21. The Complaint and First Amended Complaint of Presidio against Centex alleged, in regard to its "defect claims" the following defects regarding the drywall work:

 G. Damaged and/or Defectively installed drywall system
  a. Drywall system failure, cracking, corner bead separations and nail pops
  b. drywall ceiling stains from roof related water intrusion
  c. Unsealed penetrations through ceilings and/or wall

22. Presidio's Complaint and First Amended Complaint allege, generally, that as a result of Defendants' actions, and the defects and deficiencies alleged, Plaintiff will be required to incur expenses to repair such defects "as well as damage to property resulting therefrom".

23. Centex's Third-Party Complaint and First Amended Third-Party Complaint against Caskey Drywall assert a claim for defense and indemnification for plaintiff's alleged drywall defects.

24. The drywall defects alleged and described in Presidio's Complaint and First Amended Complaint are allegations of defective construction (not necessarily by the drywall

7

contractor), which is not covered by the Policy. In fact, there is no damage to other property resulting from such alleged deficiencies.

25. Under the terms of the Policy, including but not limited to those terms cited above, the averments and claims asserted in the Presidio's Complaint and First Amended Complaint, and in Centex's Third-Party Complaint and First Amended Third-Party Complaint do not allege potentially covered damages under the Policy, and United Fire has no duty to defend Caskey Drywall or Centex with regard to these claims.

26. Because the duty to defend is broader than the duty to indemnify, if United Fire has no duty to defend the claims asserted in Presidio's Complaint and First Amended Complaint and Centex's Third-Party Complaint and First Amended Third-Party Complaint, it can have no duty to indemnify Caskey Drywall or Centex for such claims or damages.

27. As a result of the circumstances described above, United Fire has been required to assume and pay, and will be required to pay in the future until relief is granted by this Court, attorneys' fees and costs for the defense of Caskey Drywall and Centex in regard to construction defects alleged by Presidio that are not owed under the Policy.

28. As a matter of law and equity, Caskey Drywall and Centex should reimburse United Fire for attorneys' fees and costs incurred and to be incurred by United Fire for the defense of Caskey Drywall and Centex in the Underlying Action.

29. There is a disagreement and dispute between United Fire on the one hand, and Caskey Drywall, Centex and Presidio on the other hand, which is ripe and appropriate for judicial determination by way of declaratory judgment. This Court is asked to, and should, exercise its discretion to determine the rights and obligations of United Fire and Caskey Drywall, Centex and

Presidio under the Policy, with regard to the defense and indemnification of the claims asserted in the Underlying Action.

30. Declaratory relief and further ancillary relief thereon are appropriate and proper under 28 U.S.C. §§ 2201-2202 and Rule 57, Federal Rules of Civil Procedure. Pursuant to Rule 57, United Fire prays that the Court grant a speedy hearing of this action and accelerate the case on the Court's calendar.

31. This action is timely brought by United Fire, and any preconditions to the commencement and prosecution of this action have been met.

32. United Fire is entitled to a declaratory judgment that it has no duty to defend or indemnify Caskey Drywall or Centex with regard to the claims asserted in the Underlying Action, and that Caskey Drywall and Centex have a duty to reimburse United Fire for attorneys' fees and costs incurred in the defense of the Underlying Action.

## SECOND CLAIM FOR RELIEF:
## (REIMBURSEMENT OF FEES AND COSTS INCURRED)

33. United Fire re-asserts and incorporates herein by reference the allegations of paragraphs 1-32 above as if set forth in full.

34. Centex and Caskey Drywall have received, or received the benefit of, funds from United Fire for the defense of the Underlying Action, which sums are not and were not owed to or for the benefit of Centex or Caskey under the Policy.

35. Centex and Caskey Drywall have thereby been unjustly enriched, and have obtained the benefit of money to which they are not legally entitled.

36. Centex and Caskey Drywall are obligated to reimburse such funds to United Fire.

WHEREFORE, United Fire prays for a speedy hearing in accordance with Rule 57, Fed. R. Civ. P., and declaratory judgment pursuant to the authority set forth in 28 U.S.C. §§ 2201 and

2202, adjudging and determining the rights and obligations of the parties with respect to the defense and indemnification of the claims and damages asserted by Presidio and Centex in the Underlying Action, and for judgment against Centex and Caskey Drywall for amounts spent and to be spent by United Fire for the defense and/or settlement thereof, for further awards of prejudgment interests, costs of suit, and an award of all other and further relief as the Court may deem just and proper.

      Respectfully submitted,

      MADISON, MROZ, STEINMAN & DEKLEVA, P.A.

      By */s/M. Eliza Stewart*
      M. Eliza Stewart
      201 Third Street, NW, Suite 1600
      Albuquerque, NM 87102
      505-242-2177 phone
      505-242-7184 facsimile
      mes@madisonlaw.com

      *Attorneys for Plaintiff*

Dated: November 7, 2017