IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED FIRE AND CASUALTY COMPANY,
an Iowa corporation,

    Plaintiff,

vs.                                                                         Civ. No. 17-1108 KG/JHR

CASKEY DRYWALL NM LLC; a Texas limited
liability company, CENTEX CONSTRUCTION OF
NEW MEXICO, LLC, a Delaware limited liability company;
CENTEX HOMES, a Nevada general partnership;
CENTEX REAL ESTATE CORPORATION, a Nevada
corporation; PULTE DEVELOPMENT NEW MEXICO,
INC., a Michigan corporation; THE PRESIDIO CONDOMINIUM
ASSOCIATION, INC., a New Mexico nonprofit corporation; and
THE PRESIDIO HOMEOWNER ASSOCIATION, INC., a New
Mexico nonprofit corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants The Presidio Condominium Association, Inc. and The Presidio Homeowner Association, Inc.'s (collectively, Presidio) "Motion for Judgment on the Pleadings," filed February 16, 2018. (Doc. 13). Plaintiff United Fire and Casualty Company (United Fire) filed a response on March 9, 2018, and Presidio filed a reply on March 23, 2018. (Docs. 16 and 20). Having considered the Motion for Judgment on the Pleadings and the accompanying briefing, the Court denies both Presidio's request for a hearing on the Motion and Motion for Judgment on the Pleadings.

*A. The Complaint for Declaratory Judgment and Other Relief (Complaint) (Doc. 1)*

    *1. The Underlying State Lawsuit*

This insurance declaratory judgment case arises from an underlying state lawsuit brought by Presidio against Defendants Centex Construction of New Mexico, LLC; Centex Homes; Centex Real Estate Corporation; and Pulte Development New Mexico, Inc. (collectively, Centex), among others. (Doc. 1-2). In that lawsuit, Presidio seeks damages from Centex "for defects in the selection, design, construction, development, assembly, and installation of the common area components in" what is known as "The Presidio," a collection of condominiums and townhomes. (Doc. 1-2) at ¶¶ 1 and 3. In response to Presidio's claims, Centex filed a third-party complaint against Defendant Caskey Drywall New Mexico LLC (Caskey), an independent contractor working for Centex, alleging it caused drywall defects related to The Presidio construction project. (Doc. 1-3) at 15 ¶ 17(g). The state court subsequently entered an order compelling arbitration of the state action. (Doc. 13-1).

    *2. The Insurance Policy at Issue*

United Fire previously issued a commercial general liability insurance policy to Caskey while Centex claims to be an additional insured under that policy. (Doc. 1) at 1 and ¶ 4. Pursuant to the United Fire policy, "United Fire is currently defending Caskey Drywall on the third-party claims by Centex, and is contributing to the defense of Centex on the claims by Presidio allegedly arising from the work of Caskey Drywall." *Id.* at 2. United Fire is providing those defenses "subject to reservation of rights under the applicable policy." *Id.*

    *3. The Claims in this Declaratory Judgment Lawsuit*

Although the underlying state liability lawsuit is still pending, United Fire filed this declaratory judgment lawsuit under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202,

2

naming Centex, Presidio, and Caskey as Defendants. With respect to Presidio, specifically, United Fire alleges that

> [t]here is a disagreement and dispute between United Fire on the one hand, and Caskey Drywall, Centex and Presidio on the other hand, which is ripe and appropriate for judicial determination by way of declaratory judgment. This Court is asked to, and should, exercise its discretion to determine the rights and obligations of United Fire and Caskey Drywall, Centex and Presidio under the Policy, with regard to the defense and indemnification of the claims asserted in the Underlying Action.

(Doc.1) at ¶ 29. United Fire further contends that it "is entitled to a declaratory judgment that it has no duty to defend or indemnify Caskey Drywall or Centex with regard to the claims asserted in the Underlying Action" and that "Centex and Caskey Drywall are obligated to reimburse" United Fire for the funds they received from United Fire to defend the underlying lawsuit.[1] *Id.* at ¶¶ 32 and 36.

B. *The Motion for Judgment on the Pleadings*

Presidio brings this Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). Presidio argues that United Fire "lacks standing to assert a right to declaratory relief against Presidio because there is no privity contract between [United Fire] and Presidio." (Doc. 13) at ¶ 16. Presidio also contends that the declaratory judgment claim against it "fails because Presidio has not asserted any claims against [United Fire] which could serve as predicate for a declaratory judgment action." *Id.* If Presidio prevails on the Motion for Judgment on the Pleadings, Presidio seeks an award of costs. (Doc. 13) at 4. In addition, Presidio requests that the Court hold a hearing on the Motion for Judgment on the Pleadings. (Doc. 35) at 1.

United Fire opposes the Motion for Judgment on the Pleadings in its entirety. Aside from arguing against the merits of the Motion for Judgment on the Pleadings, United Fire argues that

---

[1] The Clerk of the Court, in this case, subsequently filed an Entry of Default as to Caskey on June 22, 2018. (Doc. 34).

3

the Court should deny the Motion for Judgment on the Pleadings because Presidio failed to comply with Local Rule 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").

*C. Standard of Review*

The Court reviews a Rule 12(c) motion for judgment on the pleadings under the same legal standard as a motion for failure to state a claim made under Fed. R. Civ. P. 12(b)(6). *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) ("A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

Moreover, a Rule 12(c) motion for "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted). In other words, a motion

for a judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  5C *Fed. Prac. & Proc. Civ.* § 1367 (3d ed.).

*D. Discussion*

   *1. Presidio's Request for a Hearing on the Motion for Judgment on the Pleadings*

Having reviewed the Motion for Judgment on the Pleadings and the briefing on that Motion, the Court determines that a hearing on the Motion for Judgment on the Pleadings is unnecessary.  The Court, therefore, denies Presidio's request for a hearing on this matter.

   *2. Presidio's Failure to Comply with Local Rule 7.1(a)*

Presidio admits that it did not comply with Local Rule 7.1(a), having determined that it did not need to comply with that Rule.  (Doc. 13) at ¶ 9 ("Due to the dispositive nature of this Motion for Judgment on the Pleadings, concurrence of [United Fire] was not sought.").  Local Rule 7.1(a), however, does not make an exception for dispositive motions.  Nonetheless, since United Fire opposes the Motion for Judgment on the Pleadings and the Court prefers to rule on the merits of that Motion, the Court waives Local Rule 7.1(a) in this instance to avoid injustice.  *See* D.N.M. LR-Cv 1.7 ("These rules may be waived by a Judge to avoid injustice.").  Consequently, the Court will not deny the Motion for Judgment on the Pleadings because Presidio failed to comply with Local Rule 7.1(a).

   *3. Whether United Fire has Standing to Bring this Declaratory Judgment Action Against Presidio*

In analyzing the standing issue raised by Presidio, the Court begins by examining the Declaratory Judgment Act.  The Declaratory Judgment Act states:

> In a case of <u>actual controversy</u> … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has explained that

> [t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). This controversy requirement is, in fact, a standing requirement. *Philadelphia Indem. Ins. Co. v. Lexington Ins. Co.*, 845 F.3d 1330, 1335 (10th Cir. 2017) (holding that in declaratory judgment context the "controversy requirement raised here is standing").

In applying the Declaratory Judgment Act's actual controversy requirement in the insurance context, the United States Supreme Court in *Maryland Casualty Co.* held that an insurer's federal declaratory judgment action against an injured third party involved an actual controversy, even though the injured third party's claim to the policy proceeds was contingent upon the injured party obtaining a final liability judgment in state court against the insurer's insured. 312 U.S. at 271-73 (holding "[t]hat the complaint in the instant case presents such a controversy is plain" although the state "action has not proceeded to judgment"). *See also* 10B *Fed. Prac. & Proc. Civ.* § 2760 (4th ed.) (discussing Declaratory Judgment Act in insurance cases and summarizing *Maryland Casualty Co.*: "The other important question was resolved in 1941, when the Court held that a liability insurer may bring an action against its insured and a person the insured has injured, seeking a declaration of noncoverage, even though the injured person contends that no controversy can exist between him and the insurance company until he has obtained a judgment against the insured."). The Tenth Circuit later reiterated this holding by stating that "[i]n declaratory actions brought to determine coverage under insurance policies

6

issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured." *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir. 1946) (citing *Maryland Casualty Co.*, 312 U.S. at 273 and other cases).

Presidio does not cite caselaw presenting legal principles contrary to those articulated in *Maryland Casualty Co.* and *Franklin Life Ins. Co.*, respectively. Rather, Presidio attempts to factually distinguish those cases from this one.

*Maryland Casualty Co.* involved an automobile accident and automobile insurance coverage. In that case, the injured third party sued the insured in state court to recover damages incurred from the accident, which was caused by an employee of the insured who had purchased the car from the insured. 312 U.S. at 271. While that action was pending, the insurer sued its insured and the injured third party in a federal declaratory judgment action to determine whether it must defend the insured in the underlying action or indemnify the insured if it was found liable for damages. *Id.*

Except for the kind of insurance and underlying harm at issue, *Maryland Casualty Co.* is, otherwise, on point with this lawsuit. Similar to *Maryland Casualty Co.*, Presidio, the injured third party, is suing Centex, an alleged additional insured under United Fire's policy, in state court for damages incurred from defects discovered in The Presidio construction project. Also, similar to *Maryland Casualty Co.*, United Fire, the insurer, is now suing both Centex, an alleged additional insured under United Fire's policy, and Presidio, the injured third party, for federal declaratory relief, including a declaration that United Fire has no duty to defend or indemnify

7

Centex with respect to the underlying state liability lawsuit. The Court finds that any factual distinctions between *Maryland Casualty Co.* and this case are tangential and inconsequential.

In *Franklin Life Ins. Co.*, the Tenth Circuit applied the legal principles from *Maryland Casualty Co.* to an action involving a life insurance policy wherein an insurer brought a declaratory judgment action against the beneficiary of the policy and a contingent beneficiary. 157 F.2d at 655. After describing the *Maryland Casualty Co.* holding regarding standing to sue an injured third party under the Declaratory Judgment Act, the Tenth Circuit concluded that it could "discern no difference between the position of [the] … contingent beneficiary in this litigation, and the contingent claim of an injured third party in a declaratory action to establish nonliability under casualty insurance." *Id.* at 658. *Franklin Life Ins. Co.*, thus, does not limit application of the *Maryland Casualty Co.* holding to the life insurance situation described in that case. Hence, the factual distinctions between *Franklin Life Ins. Co*. and this case, likewise, are tangential and inconsequential.

In analyzing this Motion for Judgment on the Pleadings, the Court accepts the allegations in the Complaint as true and reads the Complaint as a whole. In accord with the above caselaw and in light of the allegations in the Complaint, the Court determines that United Fire has pled sufficient facts from which the Court can reasonably infer that an actual controversy exists between United Fire and Presidio. Additionally, the Court determines that Presidio has not carried its burden of showing that it is entitled to judgment as a matter of law based on those uncontested allegations. The Court, therefore, concludes that United Fire has standing to sue Presidio in this declaratory judgment lawsuit. Consequently, the Motion for Judgment on the Pleadings is not well-taken.

IT IS ORDERED that Motion for Judgment on the Pleadings (Doc. 13) is denied.

_____
UNITED STATES DISTRICT JUDGE