IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED FIRE AND CASUALTY COMPANY,
an Iowa corporation,

      Plaintiff,

v.                                           CIV 17-1108 KG/JHR

CASKEY DRYWALL NM LLC; a Texas limited
liability company; CENTEX CONSTRUCTION
OF NEW MEXICO, LLC, a Delaware limited
liability company; CENTEX HOMES, a Nevada
general partnership; CENTEX REAL ESTATE
CORPORATION, a Nevada corporation; PULTE
DEVELOPMENT NEW MEXICO, INC, a
Michigan corporation; THE PRESIDIO
CONDOMINIUM ASSOCIATION, INC., a New
Mexico nonprofit corporation; and THE PRESIDIO
HOMEOWNER ASSOCIATION, INC., a New
Mexico nonprofit corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff United Fire and Casualty Company's ("United Fire's") First Motion to Compel Discovery Responses from Defendants the Presidio Condominium Association, Inc. and the Presidio Homeowner Association, Inc. [Doc. 33], filed June 15, 2018, and Defendants Presidio Condominium Association, Inc., and Presidio Homeowner Association, Inc.'s ("Presidio's") Response to Motion to Compel and Cross-Motion for Protective Order [Doc. 36], filed July 2, 2018. Having considered the parties' briefing on the matter and all pertinent authority, the Court will grant in part and deny in part the Motion to Compel and deny the Motion for Protective Order, for the following reasons.

## I.    BACKGROUND

This declaratory judgment action was initiated by United Fire, a liability insurer, to determine whether it has a duty to defend or indemnify Defendants Caskey Drywall and the associated group of Defendants referred to as "Centex" in the Complaint, against claims brought by Defendant Presidio in an underlying state court lawsuit. [*See* Doc. 1, pp. 1-2]. In the underlying lawsuit, Presidio claims that Centex, and its subcontractor, Caskey, "[d]amaged and/or [d]efectively installed [the] drywall system," in constructing the Presidio condominium and townhome complex as evinced by "[d]rywall system failure, cracking, corner bead separations and nail pops … [d]rywall ceiling stains from roof related water intrusion … [and] unsealed penetrations through ceilings and/or wall." [Doc. 1-2, p. 9]. The underlying state lawsuit is still pending and was ordered to arbitration. [Doc. 13-1].

Meanwhile, this Court entered a Scheduling Order and the parties engaged in discovery. [Doc. 23]. On April 26, 2018, United Fire served its First Set of Interrogatories, Requests for Production, and Requests for Admission to Presidio. [Doc. 26 (Certificate of Service)]. Presidio served allegedly deficient answers and responses, prompting United Fire to issue a good faith letter under Federal Rule of Civil Procedure 37. [Docs. 33-2, 33-3]. After the parties met and conferred, and Presidio responded in writing to United Fire's letter [*see* Doc. 36-2], they reached an impasse, prompting United Fire to file the present Motion.

In the Motion to Compel, United Fire moves the Court to compel Presidio to verify its interrogatory answers as required by the Federal Rules of Civil Procedure, overrule Presidio's objections to United Fire's first interrogatory and request for production, and compel "Presidio to provide full discovery responses." [Doc. 33, p. 5]. Pursuant to Rule 37(a)(5)(A), United Fire also requests its reasonable expenses in bringing the Motion. [*Id.*]. While it concedes that United Fire

is "entitled to a verification of the discovery responses that Presidio has served" and that it will proffer such verification "[a]s soon as practicable," Presidio asks the Court to deny the Motion to Compel and cross-moves for a protective order. [*See generally* Doc. 36]. As grounds, Presidio explains that it has no further information to offer than stated in its interrogatory answer and response to United Fire's request for production [*see id.*, pp. 4-5], and that it had a then-pending motion for judgment on the pleadings, warranting a stay of further discovery until resolution of the motion. [*Id.*, pp. 5-6]. In its Reply in Support of the Motion to Compel, United Fire reasserts its entitlement to an order in its favor and an award of costs. [*See generally* Doc. 38]. Specifically, United Fire points to Presidio's concession of the need for a verification (yet failure to serve it as of July 13, 2018), and "[t]o be clear, United Fire does not ask this Court to compel Presidio to produce information it does not possess. United Fire simply asks the Court to compel Presidio to verify, without qualification, that it does not possess responsive information." [*Id.*, p. 2]. As such, "United Fire asks that this Court strike Presidio's objection, triggering Presidio's obligation to supplement its Response if and when responsive materials become available." [*Id.*, p. 3]. United Fire also filed a Response in Opposition to Presidio's Motion for a Protective Order, arguing that it should be denied because Presidio failed to comply with this Court's Local Rules when bringing it, and because Presidio has failed to demonstrate good cause. [*See generally*, Doc. 39].

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Parties may issue interrogatories pursuant to Federal Rule of Civil Procedure 33, which "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A responding party may object to an interrogatory; however, the grounds for an objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Pertinent here, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). A party may move to compel the answer to an interrogatory under Rule 33 if good faith attempts to secure the answer are unsuccessful. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Parties may issue requests for production pursuant to Federal Rule of Civil Procedure 34 "within the scope of Rule 26(b)[.]" Fed. R. Civ. P. 34(a). Each request must be stated with "reasonable particularity," *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (quoting Fed. R. Civ. P. 34(b)(1)(A)), and be responded to or addressed by specific objection. Fed. R. Civ. P. 34(b)(2). "Though what qualifies as 'reasonably particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and to enable the court to ascertain whether the requested documents have been produced.'" *Regan-Touhy*, 526 F.3d at 649–50 (quoting Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). A party may move to

compel a response to a request for production if good faith attempts to secure the answer are unsuccessful. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Parties are under a continuing duty to supplement responses to discovery "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been known to the other party during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). The failure to supplement a discovery response may result in sanctions "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require," the Court to award attorney fees for discovery misconduct. *Id.* at 678. Under Rule 37(a)(5)(A),

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). If the motion is denied, the Court may, similarly, assess costs and fees against the movant. Fed. R. Civ. P. 37(a)(5)(B). If the motion is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In other words, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010),

§ 2288, n.17), unless the failure to respond was substantially justified or an award or expenses would otherwise be unjust. *Id.* at \*5.

Protective orders are governed by Federal Rule of Civil Procedure 26(c), which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The burden of showing good cause falls at all times on the party seeking protection. "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F. 3d 476, 483 (3d Cir. 1995). If good cause is demonstrated, the Court is able to take a variety of actions in issuing a protective order, including:

> (A) forbidding the disclosure or discovery;
> (B) specifying the terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]

*Id.* at 26(c)(1)(A)-(D). If a protective order is denied, the Court may order the discovery that was sought to be precluded. Fed. R. Civ. P. 26(c)(2).

### III.   ANALYSIS

Starting with the issue of verification, Presidio admits that it failed to produce a verification for its interrogatory answers, as is required by the Rules. [Doc. 36, p. 3]. As far as the Court can tell, this verification has not been served as of the entry of this Memorandum Opinion and Order. Therefore, the Court will order Presidio to serve the required verification.

Turning to the heart of the matter, the Court will grant in part and deny in part United Fire's Motion to Compel and deny Presidio's Motion for Protective Order. United Fire is technically

correct that Presidio's objections to its interrogatory are not answers, and Rule 33(b) clearly delineates between the two. *See* Fed. R. Civ. P. 33(b). That being established, United Fire has failed to show how it was prejudiced by Presidio's failure to provide a more specific answer, especially in light of its concession in its Rely brief that the language Presidio used after the word "objection" could reasonably be interpreted as responsive. [*See* Doc. 38, p. 2]. In other words, Presidio's language could reasonably by construed as an answer, rendering United Fire's Motion to Compel unnecessary. As such, it will be denied.

The same is not true as to United Fire's first request for production. [Doc. 33, p. 4]. The request, which seeks "any and all damages and/or claims matrices created or produced during or for the underlying litigation," was objected to on the grounds that it was vague and ambiguous. [*See* Doc. 33-2, p. 2]. Without waiving the objection, Presidio responded that it has not created and does not possess the requested document(s). [*Id.*]. The Court does not find the request to be vague or ambiguous, and so grants the Motion to Compel insofar as it asks the Court to overrule the objections.

This leaves the matter of whether sanctions are appropriate. United Fire contends that overruling Presidio's objections to its request for production triggered "Presidio's obligation to supplement its Response if and when responsive materials become available." [Doc. 38, p. 3]. The question, therefore, is whether Presidio was obligated to supplement its response after asserting vagueness and ambiguity objections, or if it was already required to do so by the duty to supplement under Federal Rules of Civil Procedure 26(e)(1)(A) and 37(c)(1). The Court has pondered the matter and has been unable to locate binding authority resolving it one way or another. Under United Fire's view, Presidio would have no duty to supplement its response so long as its objection stands. If the opposite were true, then Presidio has the duty to supplement its

responses notwithstanding its objection. There is support for the latter view in the Rule, which requires supplementation whenever the party determines its "response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). However, without binding, or even substantial persuasive, authority resolving the matter, the Court errs on the side of caution, and holds that United Fire reasonably moved the Court to overrule Presidio's vagueness and ambiguity objections in order to ensure Presidio's duty to supplement its response to United Fire's request for production remained.

Accordingly, the Court finds that sanctions are warranted in this case. The language of Rule 37(a)(5)(C), which applies when the Motion to Compel is granted in part and denied in part, is discretionary. *See* Fed. R. Civ. P. 37(a)(5)(C) (Stating that the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."). This being established, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4. Here, while the Court is denying United Fire's Motion as to its first interrogatory, it is ordering Presidio to verify its interrogatory answers (which it should have done without court intervention), and the Court is awarding United Fire a technical victory insofar as it is overruling Presidio's objections to its first request for production – thereby ensuring Presidio's duty to supplement its response under Rule 26(e)(1)(A). Under these circumstances, the Court finds that sanctions may be awarded against Presidio, in an amount to be determined after briefing as to the necessity and amount of sanctions. To this end, United Fire is directed to file a motion seeking its reasonable costs and attorney's fees, supported by affidavits disclosing the exact nature of the task billed for and fee requested, within 30 days of the entry of this Memorandum Opinion and Order. Presidio may then respond, and United Fire reply, as contemplated by this Court's Local Rules. *See* D.N.M.LR-Civ. 7.4(a).

Finally, the Court finds that Presidio has failed to demonstrate good cause for the entry of a protective order. Presiding District Judge Gonzales has already ruled on (and denied) Presidio's dispositive motion on which the motion for protective order was based. [*See* Doc. 40]. Therefore, there is no rational reason for this Court to preclude further discovery against Presidio.

## IV.    CONCLUSION

The purpose of fee-shifting rules, like Rule 37, "is to protect and further legal rights by removing a disincentive to vindicating those rights (namely, the cost of retaining attorneys to pursue the rights) and creating a disincentive to violating them or failing to compensate victims for violations (namely, the cost of paying for the victim's attorneys)." *Centennial Archaeology, Inc.*, 688 F.3d at 679 (citations omitted). Here, United Fire has won a technical victory, at least as to part of the relief it requested.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Presidio shall serve a verification for its interrogatory answers within 30 days of the entry of this Order.

2. Presidio's objections to the request for production at issue are overruled.

3. United Fire may file and serve a Motion seeking its reasonable costs and attorney's fees for pursuing the instant relief within 30 days of the entry of this Order. Failure to meet this deadline will forfeit any possible fee award.

4. In all other respects, United Fire's Motion to Compel is DENIED.

5. Presidio's Motion for a Protective Order is DENIED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE